```
┌─────────────────────────────────┐
│ ___ FILED      ___ RECEIVED      │
│ ___ ENTERED    ___ SERVED ON     │
│        COUNSEL/PARTIES OF RECORD │
│   ┌───────────────────┐          │
│   │                   │          │
│   │  JUL 2 1 2014      │          │
│   │                   │          │
│   └───────────────────┘          │
│   CLERK US DISTRICT COURT        │
│      DISTRICT OF NEVADA          │
│ BY: _____ DEPUTY     │
└─────────────────────────────────┘
```

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

      Plaintiff,                3:01-cr-00038-HDM-RAM

  vs.                        ORDER

JAMES FREDERIC GREENE,

      Defendant.
_____/

    Pursuant to Defendant's request (#37) regarding specific information filed in this matter, the Clerk's office is directed to provide defendant with a copy of the following:

    Transcript of Change of Plea (#23)(there is not a transcript of the sentencing), Judgement (#33), Docket Sheets, Indictment (#1); and Memorandum of Plea Negotiations (#16).

    A copy of this order along with the above referenced documents shall be sent to James Frederic Greene at the following address:

                James Frederic Green
                35757048
                F.C.C. Lompoc
                3901 Klein Blvd.
                Lompoc, CA 93436

    Dated this 21st day of July, 2014.

                      Howard D. McKibben
                    _____
                    UNITED STATES DISTRICT JUDGE

1              IN THE UNITED STATES DISTRICT COURT

2                  FOR THE DISTRICT OF NEVADA

3

4   United States of America,

5              Plaintiff,

6       -vs-                        NO. CR-N-01-38-HDM(RAM)
                                    United States District Court
7   James Frederick Greene,         400 S. Virginia Street
                                    Reno, Nevada 89501
8              Defendant.           July 26, 2001

9   _____/

10

11             TRANSCRIPT OF CHANGE OF PLEA

12          BEFORE THE HONORABLE HOWARD D. McKIBBEN

13              UNITED STATES DISTRICT JUDGE

14

15  A P P E A R A N C E S:

16

17  FOR THE GOVERNMENT:           L. Anthony White
                                  Assist. United States Attorney

18  FOR THE DEFENDANT:            Fred H. Atcheson
                                  Attorney at Law
19

20

21  Proceedings recorded by mechanical stenography produced by
    computer-aided transcript

22

23  OFFICIAL COURT REPORTER:      KATHRYN M. FRENCH, RPR
                                  NEVADA LICENSE NO. 392
24                                CALIFORNIA LICENSE NO. 8536

25

PLACED UNDER SEPARATE COVER

                KATHRYN M. FRENCH, C.C.R.
                   (702) 786-5584

1          Reno, Nevada, Thursday, July 26, 2001, 2:30 p.m.

2                         ---oOo---

3          THE CLERK:  Case number CR-N-01-38-HDM(RAM), the

4   United States of America versus James Frederick Greene.

5          The defendant is present.  Counsel is present.  The

6   government is represented by Anthony White.

7          THE COURT:  Are you ready to proceed?  I have a plea

8   agreement here.  We'll have Mr. Greene sworn.

9          MR. WHITE:  We're executing the original, Your

10  Honor.  We'll tender it to the Court.

11         THE COURT:  All right.

12         Did you read and understand and then sign this plea

13  agreement?

14         DEFENDANT GREENE:  Yes.

15         THE COURT:  And what is your level of education,

16  Mr. Greene?

17         DEFENDANT GREENE:  High school diploma.

18         THE COURT:  Are you satisfied with your attorney?

19         DEFENDANT GREENE:  Yes.

20         THE COURT:  Has he failed to do anything you wanted

21  him to do for you?

22         DEFENDANT GREENE:  No.

23         THE COURT:  All right.  And he was ready to go to

24  trial with you if that had been your choice, is that right?

25         DEFENDANT GREENE:  Yes.

3

1          THE COURT:  Are you on any medication today?

2          DEFENDANT GREENE:  No.

3          THE COURT:  Have you had full access to

4    Mr. Atcheson?

5          DEFENDANT GREENE:  Yes, I have.

6          THE COURT:  All right.  I'm going to go over the

7    agreement.  If you have any question, please let me know.

8          Did you freely and voluntarily sign this agreement?

9          DEFENDANT GREENE:  Yes, I did.

10          THE COURT:  Did anyone threaten you to have you

11    sign it?

12          DEFENDANT GREENE:  No.

13          THE COURT:  Did Mr. Atcheson or anyone else promise

14    you anything other than what's in the agreement to have you

15    sign it?

16          DEFENDANT GREENE:  No.

17          THE COURT:  You did it of your own freewill?

18          DEFENDANT GREENE:  Yes, I did.

19          THE COURT:  All right.  And you understand the

20    sentencing guidelines apply in this case?

21          DEFENDANT GREENE:  Yes.

22          THE COURT:  You've discussed those with

23    Mr. Atcheson?

24          DEFENDANT GREENE:  Yes, I have.

25          THE COURT:  You've received a copy of the

4

```
 1  indictment, is that right?
 2             DEFENDANT GREENE:  Yes.
 3             THE COURT:  Do you waive us reading it to you at
 4  this time?
 5             (No response.)
 6             THE COURT:  Do you want us to read it to you?
 7             MR. ATCHESON:  We'll waive, Your Honor.
 8             THE COURT:  All right.
 9             Now, you're going to plead guilty to an indictment
10  of a felon in possession of a firearm, which is a violation of
11  Title 18 U.S. Code Section 922(g)(1), is that right?
12             DEFENDANT GREENE:  Yes.
13             THE COURT:  The Court may consider any relevant
14  facts and circumstances of the offense under relevant conduct
15  to determine the appropriate sentence.
16             Do you understand that?
17             DEFENDANT GREENE:  Yes.
18             THE COURT:  The parties believe, but of course
19  I'm not bound by that, but they believe at this point that
20  the base offense level for this offense is 14 under the
21  guidelines.
22             Do you understand that?
23             DEFENDANT GREENE:  Yes.
24             THE COURT:  There would be a 2-level reduction
25  for acceptance of responsibility if you continue to accept
```

5

1  responsibility.

2          Do you understand that?

3          DEFENDANT GREENE:  Yes.

4          THE COURT:  Criminal history category will be based

5  upon what prior offenses you may have, if any.

6          Do you understand that?

7          DEFENDANT GREENE:  Yes.

8          THE COURT:  And I'll impose a sentence under the

9  guidelines and policy statements.  The government is going to

10 agree to make a recommendation for a sentence at the low end

11 of the guideline range.

12         Do you understand that?

13         DEFENDANT GREENE:  Yes.

14         THE COURT:  You're waiving any right to appeal any

15 judgment and sentence that I impose.  You only reserve the

16 right to appeal if I were to depart upward and outside the

17 guideline range.

18         Do you understand that?

19         DEFENDANT GREENE:  Yes.

20         THE COURT:  Under Title 18 U.S. Code Section 922(g)

21 and 924, the penalty could be up to, but not more than 10

22 years imprisonment and a fine not to exceed $250,000, or both

23 fine and imprisonment.

24         Do you understand that?

25         DEFENDANT GREENE:  Yes.

6

1          THE COURT:  Under the sentencing guidelines,

2    adjusted offense level of 12, it is 10 to 16 months.  If it's

3    a criminal history category 1, up to 30 to 37 months for a

4    criminal category of 6.

5          Do you understand that?

6          DEFENDANT GREENE:  Yes.

7          THE COURT:  Parole has been abolished, so whatever

8    sentence I will impose, if it's a prison term, you could not

9    be released early on parole.

10         Do you understand that?

11         DEFENDANT GREENE:  Yes.

12         THE COURT:  I will impose a period of supervised

13   release.  It will be at least two-years, not more than three

14   years.

15         Do you understand that?

16         DEFENDANT GREENE:  Yes.

17         THE COURT:  I could also impose a fine, anywhere

18   from $3,000 to $30,000.  If you don't have the ability to pay,

19   I could order community service.

20         Do you understand that?

21         DEFENDANT GREENE:  Yes.

22         THE COURT:  And I will impose the mandatory

23   assessment of $100.

24         Do you understand that?

25         DEFENDANT GREENE:  Yes.

7

1          THE COURT:  If we went to trial, the government
2  would have to prove beyond a reasonable doubt that you
3  knowingly possessed a firearm; that is, a Smith and Wesson
4  .45 caliber semiautomatic pistol, serial number AIP-7484;
5          The firearm had been shipped or transported in
6  interstate commerce; and
7          That you possessed the firearm at a time you had
8  been convicted of a crime punishable by imprisonment for a
9  term exceeding one year.
10          Do you understand each of those elements?
11          DEFENDANT GREENE:  Yes.
12          THE COURT:  Actually, I think there's a typo on page
13  4.  That ought to read first, second, and third.  It has first
14  second and second.
15          MR. WHITE:  Your Honor, we have --
16          THE COURT:  Or is that another second?
17          MR. WHITE:  No, that's correct, Your Honor.
18  Mr. Atcheson brought that to my attention.  We've corrected it
19  and initialed it on the original.
20          THE COURT:  All right.  So the original is correct.
21  All right.
22          The facts to support the plea are contained on
23  pages 4 and 5.  Are all those facts true to the best of your
24  knowledge?
25          DEFENDANT GREENE:  Yes.

8

1         THE COURT:  All right.  And then you acknowledge

2  certain rights and waive those, is that correct?

3         DEFENDANT GREENE:  Yes.

4         THE COURT:  Let me go over those.

5         Do you understand you have the right to a speedy and

6  public jury trial?

7         DEFENDANT GREENE:  Yes.

8         THE COURT:  You have the right to confront witnesses

9  against you and cross-examine those witnesses through your

10  attorney.

11         Do you understand that?

12         DEFENDANT GREENE:  Yes.

13         THE COURT:  You also have the privilege against

14  self-incrimination.

15         Do you understand that?

16         DEFENDANT GREENE:  Yes.

17         THE COURT:  You have the right to have Mr. Atcheson

18  represent you at that trial, and give testimony on your own

19  behalf if you see fit to do that.

20         Do you understand that?

21         DEFENDANT GREENE:  Yes.

22         THE COURT:  You also have the right to have the

23  clerk issue subpoenas to compel witnesses on your own behalf.

24         Do you understand that?

25         DEFENDANT GREENE:  Yes.

9

1              THE COURT:  This would be a second felony, at least,

2    and if you get more felonies, there could be a habitual

3    criminal statute that might apply, and you could be looking

4    up to 20 years to life imprisonment if you're convicted again.

5              Do you understand that?

6              DEFENDANT GREENE:  Yes, I do.

7              THE COURT:  You could lose certain federal benefits

8    as a result of a felony conviction.

9              Do you understand that?

10             DEFENDANT GREENE:  Yes.

11             THE COURT:  Significantly, not only are you

12   waiving your right to appeal in this case, but you're waiving

13   the right to challenge any evidence that might have been

14   seized against you, or statements taken from you in violation

15   of your Constitutional rights.

16             Do you understand that?

17             DEFENDANT GREENE:  Yes.

18             THE COURT:  Do you have any questions about the

19   nature of the offense or the possible penalty?

20             DEFENDANT GREENE:  No, I don't.

21             THE COURT:  All right.  Thank you.  If you will

22   stand, please.

23             To the indictment charging you with felon in

24   possession of a firearm, a violation of Title 18 U.S.

25   Code Section 922(g)(1), what's your plea; are you guilt or

10

1  not guilty?

2          DEFENDANT GREENE:  Guilty.

3          THE COURT:  All right.  You may be seated.

4          Again, you've entered that plea freely and

5  voluntarily?

6          DEFENDANT GREENE:  Yes, I have.

7          THE COURT:  Has anyone threatened you or promised

8  you anything?

9          DEFENDANT GREENE:  No, they haven't.

10          THE COURT:  Do you understand you've waived the

11  right to a speedy and public jury trial?

12          DEFENDANT GREENE:  Yes, I do.

13          THE COURT:  You've waived your right to confront

14  witnesses against you.

15          DEFENDANT GREENE:  Yes.

16          THE COURT:  And you've waived your right to confront

17  those witnesses and to cross-examine them.

18          Do you understand that?

19          DEFENDANT GREENE:  Yes.

20          THE COURT:  And you've waived that privilege against

21  self-incrimination, and you've waived the right to have your

22  counsel present and represent you during the trial.

23          Do you understand that?

24          DEFENDANT GREENE:  Yes.

25          THE COURT:  Just tell me in your own words what you

11

1  did now that causes you to plead guilty.

2           DEFENDANT GREENE:  What I did?

3           THE COURT:  Yes.  What did you do?

4           DEFENDANT GREENE:  I was in possession of a firearm.

5           THE COURT:  Had you been convicted of a felony

6  before?

7           DEFENDANT GREENE:  Yes, I was.

8           THE COURT:  Did you know one of the conditions was

9  that you couldn't possess a firearm?

10          DEFENDANT GREENE:  At that time, no, I didn't.

11          THE COURT:  They didn't tell you about that?

12          DEFENDANT GREENE:  Actually, no.

13          THE COURT:  I find that hard to believe.

14          DEFENDANT GREENE:  Well, my parole officer is an

15  individual that wanted me, not only to never get out of the

16  penitentiary, but really fought for the fact of representing

17  me, so it was a conflict of interest from the beginning

18  between her and I.

19          THE COURT:  You know, maybe you ought to talk with

20  your attorney and then I'll ask you these questions again.

21          DEFENDANT GREENE:  All right.

22          THE COURT:  It would probably be a little beneficial

23  if you just chat with him for a second.

24          (Defendant confers with counsel.)

25          THE COURT:  Let me assume for a moment that your

12

1   parole officer didn't talk to you about that and he didn't

2   like you very much.  Did you have some inkling that if you

3   were a felon that maybe you couldn't carry a firearm?

4          DEFENDANT GREENE:  Yes, I did.

5          THE COURT:  All right.

6          And, in fact, you were a felon, you had been

7   convicted of a felony, and you had a firearm that was

8   transported in interstate commerce, is that true?

9          DEFENDANT GREENE:  Yes.

10          THE COURT:  All right.  I'll accept your plea as

11   having been made freely and voluntarily.  I'll refer this

12   matter to the Department for a presentence report.  We'll

13   continue it for imposition of judgment and sentence --

14   Mr. Atcheson?

15          MR. ATCHESON:  Your Honor, regarding his statement

16   about his activities with Parole and Probation, his probation

17   supervisor, parole supervisor was Mary Doyle, and he just

18   didn't get along with her.  She didn't explain much of

19   anything to him, and he didn't talk much about anything with

20   her.  They were like oil and water from the start.

21          THE COURT:  Well, we have --

22          MR. ATCHESON:  But, he knew.

23          THE COURT:  -- we have really fine people in our

24   Department.  So, if you don't get along with them, I'm going

25   to have trouble believing that it's their problem.

13

1          MR. ATCHESON:  I'm sure we'll all get along

2    famously, Your Honor.

3          THE COURT:  It definitely helps, I'll tell you that.

4          What time did you have, Miss Clerk?

5          THE CLERK:  The 26th of October at 8:45, Your Honor.

6          THE COURT:  October 26th at 8:45.

7          All right.  Thank you very much.  That's all.  If we

8    have a trial date on this, it will be vacated.

9          (Court adjourned.)

10

11

12      I certify that the foregoing is a correct transcript from

13   the record of proceedings in the above-entitled matter.

14

15   _____          ___12-10-01___

16   KATHRYN M. FRENCH, RPR, CCR              DATE

17

18

19

20

21

22

23

24

25

AO 245B  (Rev. 3/95) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of _____ NEVADA

UNITED STATES OF AMERICA

**V.**

JAMES FREDERICK GREENE

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:   CR-N-01-038-HDM(RAM)

Fred H. Atcheson
Defendant's Attorney

## THE DEFENDANT:

X  pleaded guilty to count(s)   One

☐  pleaded nolo contendere to count(s)
which was accepted by the court.

☐  was found guilty on count(s)
after a plea of not guilty.

*[stamp: U.S. DISTRICT COURT DISTRICT OF NEVADA ENTERED & SERVED FEB 11 2 02 CLERK, U.S. DISTRICT COURT DEPUTY]*

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § § 922(g)(1) and 924(a)(2) | Felon in Possession of a Firearm | 2-16-2001 | 1 |

The defendant is sentenced as provided in pages 2 through _____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

☐  Count(s) _____   ☐ is   ☐ are  dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 11/23/71

Defendant's USM No.: 35757-048

Defendant's Residence Address:

custody

Defendant's Mailing Address:

February 7, 2002
Date of Imposition of Judgment

*Howard McKibben (signature)*
Signature of Judicial Officer

HOWARD D. McKIBBEN, Chief United States District Judge
Name and Title of Judicial Officer

February 8, 2002
Date

33

AO 245B   (Rev. 3/01) Judgment in a Criminal Case
Sheet 2 — Imprisonment
Case 3:01-cr-00038-HDM-RAM   Document 39   Filed 07/21/14   Page 16 of 31

Judgment — Page __2__ of ____

DEFENDANT:      GREENE, JAMES FREDERICK
CASE NUMBER:    CR-N-01-038-HDM(RAM)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of __twenty-one (21) months__ . This term of incarceration shall run consecutively to the Nevada state sentence defendant is currently serving (CR90-1942).

☐   The court makes the following recommendations to the Bureau of Prisons:

X    The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____ ☐ a.m. ☐ p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
,   UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B     (Rev. 3/01) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

Judgment—Page ___3___ of _____

DEFENDANT:        GREENE, JAMES FREDERICK
CASE NUMBER:      CR-N-01-038-HDM(RAM)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term    three (3) years                                        .

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance. Revocation is mandatory for illegal possession of a controlled substance.

*For offenses committed on or after September 13, 1994*:

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Revocation is mandatory for refusal to comply.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 3/01) Judgment in a Criminal Case
        Sheet 3C — Supervised Release

Judgment—Page ____4____ of _____

DEFENDANT:       GREENE, JAMES FREDERICK
CASE NUMBER:    CR-N-01-038-HDM(RAM)

## SPECIAL CONDITIONS OF SUPERVISION

1.  Defendant shall submit to the search of his person and any property, residence or automobile under his control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant to insure compliance with all conditions of release.

2.  Defendant shall participate in and successfully complete a substance abuse treatment program, which will include drug testing, outpatient counseling, or residential placement, as approved and directed by the probation officer.

3.  Defendant shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants.

4 .  Defendant shall submit to drug testing as directed by the probation officer.

5.  Defendant shall participate in and complete a mental health treatment program, which may include testing, evaluation, medication management, outpatient counseling or residential placement, as approved and directed by the probation officer.

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page    5    of _____

DEFENDANT:              GREENE, JAMES FREDERICK
CASE NUMBER:            CR-N-01-038-HDM(RAM)

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $  100.00 | $  None | $  None |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |

| **TOTALS** | $ _____ | $ _____ |  |

☐  If applicable, restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐  the interest requirement is waived for the    ☐  fine and/or    ☐  restitution.

☐  the interest requirement for the    ☐  fine and/or    ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
            Sheet 6 — Criminal Monetary Penalties

DEFENDANT:        GREENE, JAMES FREDERICK
CASE NUMBER:      CR-N-01-038-HDM(RAM)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**    X    Lump sum payment of $ ___100.00___ due immediately.

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, or ☐ E below; or

**B**    ☐    Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

**C**    ☐    Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐    Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT                                          Page 3
CRIMINAL DOCKET                 GREENE                     CR-N-01-38-HDM RAM

AO 256A

| DATE | | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|---|---|---|---|---|---|---|
| | (Document No.) | | (a) | (b) | (c) | (d) |
| 7/11/01 | 14 | **MINUTE ORDER** re **GREENE** (HDM)   ORD change of plea set 7/26/01 230pm.  Cal call vac.  cps dist wj (AT) | | | | |
| 7/26/01 | 15 | **MINUTES/CHANGE OF PLEA** re **GREENE** dtd 7/26/01 (HDM) D pld Guilty Ct 1; ORD impo of sentence set 10/26/01 845am; Trial vac; D remanded; (C/R Kathryn French) cps dist wj (AT) | | | | |
| --- | 16 | **MEMORANDUM OF PLEA NEGOTIATION** re **GREENE.**  wj | | | | |
| 9/14/01 | 17 | **MINUTE ORDER** re **GREENE** (HDM)  ORD impo of sentence cont from 10/26/01 to **10/29/01**, 8am.  cnsl teleph notif.  cps dist wj (AT) | | | | |
| 10/24/01 | 18 | **OBJECTIONS** to presentence investigation rpt obo **GREENE.**  wj (AT) | | | | |
| 10/25/01 | --- | SUB to HDM Item #18 (AT) wj | | | | |
| 10/29/01 | 19 | **MINUTES/SENTENCING** re **GREENE** dtd 10/29/01 (HDM) ORD that ths hrng is cont to 11/29/01 at 430pm D remanded; (C/R Kathryn French) cps dist wj (AT) | | | | |
| 11/6/01 | 20 | **MOTION** to compel specfic performance of plea agreement alt req for downward departure obo **GREENE.**  wj (AT) | | | | |
| 11/27/01 | 21 | **MINUTE ORDER** re **GREENE** (HDM)  ORD sentencing 11/29/01 is cont to 12/5/01, 2pm.  cps dist wj (AT) | | | | |
| 12/03/01 | --- | **RECEIVED** stip to cont sentencing date. (AT) lm | | | | |
| 12/4/01 | 22 | **STIPULATION/ORDER** re **GREENE** (HDM)  ORD sentencing 12/5/01 vac and resched for 12/20/01 9am.  cps dist wj (AT) | | | | |
| 12/10/01 | 23 | **REPORTER'S TRANSCRIPT** of **GREENE's** change of plea dtd 7/26/01 bef HDM.  (C/R Kathryn French)  wj | | | | |
| 12/20/01 | 24 | **MINUTES/SENTENCING** re **GREENE** dtd 12/20/01 (HDM) ORD that the sentencing is cont to 1/4/02, 10am. FUR ORD parties hv to and incl 12/28/01 whch to file uspplemental briefs on the issue of impo of a consecutive or concurrent sentence.  D re-amdned.  (C/R Kathryn French)  cps dist wj (AT) | | | | |
| --- | 25 | **LETTER** dtd 12/20/01 re **GREENE** from L. Anthony White, AUSA, explaining circumstances surrounding D's sentencing situation.  wj | | | | |

Interval        Start Date       Ltr.  Total
                                                (per Section II)   End Date        Code  Days

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET    *U. S. vs*

**GREENE**

Page 4
CR-N-01-038-HDM RAM

AO 256A

| DATE | | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|------|--|--------------------------|-----|-----|-----|-----|
| | (Document No.) | | (a) | (b) | (c) | (d) |
| 12/28/01 | 26 | RESPONSE to Supplemental addendum (#25) obo **GREENE.** wj (AT) | | | | |
| 12/31/01 | --- | SUB to HDM ITem #25 and #26 (AT) wj | | | | |
| 1/3/02 | 27 | STIPULATION/ORDER re **GREENE** (HDM)  ORD sentencing 1/4/02 cont to 1/17/02, 10am.  cps dist wj (AT) | | | | |
| 1/16/02 | 28 | STIPULATION/ORDER re **GREENE** (HDM)  ORD sentencing 1/17/02, 10am cont to 1/31/02, 2pm.  cps dist wj (AT) | | | | |
| 1/31/02 | 29 | MINUTES/TIME SET FOR SENTENCING re **GREENE** dtd 1/31/02 (HDM)  ORD sentenc cont to 2/8/02, 8am.  No fur cont of sentence date.  D remanded;  (C/R Kathryn French) cps dist wj (AT) | | | | |
| 2/6/02 | 30 | MINUTE ORDER re **GREENE** (HDM)  ORD time set for impo of sentence is advcd from 2/8/02 to 2/7/02, 2pm.  cps dist wj (AT) | | | | |
| 2/7/02 | 31 | MINUTES/SENTENCING re **GREENE** dtd 2/7/02 (HDM)  Crt denies D's mtn for concurrent sentence and overrules D's obj to the 6 level incares; Govt mtn for downward departure is granted.  D applicatin for departure to level set forth in plea agreement is granted.  (C/R Kathryn French) cps dist wj (AT) | | | | |
| 2/11/02 | --- | JS-3 re **GREENE.**  wj (AT) | | | | |

| | Interval (per Section II) | Start Date End Date | Ltr. Code | Total Days |

CLOSED

# United States District Court
## District of Nevada (Reno)
## CRIMINAL DOCKET FOR CASE #: 3:01-cr-00038-HDM-RAM All Defendants

Case title: USA v. Greene                          Date Filed: 03/07/2001

Assigned to: Judge Howard D.
McKibben
Referred to: Magistrate Judge Robert
A McQuaid, Jr

**Defendant (2)**

**James Frederick Greene**              represented by   **Fred H. Atcheson**
35757048                                                Fred Hill Atcheson
LOMPOC                                                  P.O. Box 8292
U.S. PENITENTIARY                                       Reno, NV 89507
Inmate Mail/Parcels                                     (775) 771-3037
3901 KLEIN BLVD                                         Fax: (775) 323-6371
LOMPOC, CA 93436                                        Email: fredatcheson@gmail.com
                                                        *LEAD ATTORNEY*
                                                        *Designation: CJA Appointment*

**Pending Counts**                                 **Disposition**

Felon in Possessin of a Firearm                    Sentenced 2/8/2002
(1)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                              **Disposition**

None

**Highest Offense Level
(Terminated)**

None

**Complaints**                                     **Disposition**

None

**Plaintiff**

**USA**                              represented by **Daniel G. Bogden**
United States Attorney's Office
333 Las Vegas Blvd. So.
Las Vegas, NV 89101
702-388-6336
Email: dbogden@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/07/2001 | ◗ 1 | INDICTMENT as to James Frederick Greene. (DRM) Modified on 5/12/2014 (DRM). (Entered: 05/12/2014) |
| 02/08/2002 | ◗ 33 | JUDGMENT as to James Frederick Greene. (DRM) Modified on 5/12/2014 (DRM). (Entered: 05/12/2014) |
| 02/20/2009 | ◗ 34 | MOTION *Requesting Reconsideration of Sentence or Modification of Sentence* , by James Frederick Greene as to James Frederick Greene. Responses due by 3/6/2009. (DRM) Modified on 2/24/2009 to give the next correct docket number. (WJ). (Entered: 02/24/2009) |
| 02/24/2009 | ◗ 35 | ORDER. IT IS ORDERED, Defendant's 34 Motion for Reconsideration or Modification of Sentence is DENIED. Signed by Judge Howard D. McKibben on 2/24/09. (Copies have been distributed pursuant to the NEF - KO) (Entered: 02/24/2009) |
| 05/12/2014 | ◗ 36 | *** ORIGINAL HARD COPY DOCKET SHEET *** (DRM) Modified on 5/12/2014 (DRM). (Main Document 36 replaced on 5/12/2014) (DRM). (Entered: 02/25/2009) |
| 06/18/2014 | ➥◗ 37 | MOTION - *Transcript Request Regarding Case No. CR-N-01-038-HDM,* by Defendant James Frederick Greene. Responses due by 7/5/2014. (KR) (Entered: 06/18/2014) |
| 07/16/2014 | ➥◗ 38 | MOTION *Transcript Request Regarding Case No. CR-N-01-038-HDM-RAM* by James Frederick Greene. Responses due by 8/2/2014. (JC) (Entered: 07/16/2014) |

KATHRYN E. LANDRETH
United States Attorney
L. ANTHONY WHITE
Assistant United States Attorney
100 W. Liberty Street, Suite 600
Reno, Nevada 89501
Tele: (775) 784-5438

Attorneys for Plaintiff

FILED

2001 MAR -7  PM 2: 18

LANCE S. WILSON
CLERK

BY_____
                    DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA, )    CR-N-01-0038-HDM-RAM
                                                      )
                          Plaintiff,        )
                                                      )
            v.                                   )    INDICTMENT FOR VIOLATION OF:
                                                      )
JAMES FREDERICK GREENE,    )    TITLE 18, UNITED STATES CODE,
                                                      )    SECTION 922(g)(1) - Felon in Possession
                          Defendant.     )    of a Firearm

THE GRAND JURY CHARGES THAT:

On or about February 16, 2001, in the state and District of Nevada, the defendant, JAMES FREDERICK GREENE, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly receive and possess a firearm, to wit: one Smith and Wesson, .45 caliber semi-automatic pistol, serial number AIP7484, which had been transported in interstate commerce;

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

Dated this ___7___ day of March, 2001.

A TRUE BILL.

_____
FOREPERSON

KATHRYN E. LANDRETH
United States Attorney

_____
L. ANTHONY WHITE
Assistant United States Attorney

1



**U.S. Department of Justice**

*United States Attorney*
*District of Nevada*

---

100 West Liberty, Suite 600                                    (775) 784-5438
Reno, Nevada  89501                                       FAX: (775) 784-5181

July 11, 2001

MEMORANDUM OF PLEA NEGOTIATION

```
U.S. DISTRICT COURT
DISTRICT OF NEVADA
FILED

JUL 2 6 2001

CLERK, U.S. DISTRICT COURT
BY _____ DEPUTY
```

TO:          Honorable Howard D. McKibben
             United States District Judge

FROM:        L. Anthony White
             Assistant United States Attorney

SUBJECT:     United States v. James Frederick Greene
             Criminal No. N-01-38-HDM(RAM)

I.           PLEA NEGOTIATION

        The defendant, JAMES FREDERICK GREENE, is charged in a one-count indictment
filed March 7, 2001, with Felon in Possession of a Firearm, in violation of Title 18, United States Code,
Section 922(g)(1).  The Government and the defendant have agreed to the following:

        1.  The defendant will plead guilty as charged in the Indictment to Felon in Possession of
a Firearm, a violation of Title 18, United States Code, Section 922(g)(1).

        2.  The Court may consider all of the relevant facts and circumstances of the offense
charged under U.S.S.G. §1B1.3–Relevant Conduct, when deciding the appropriate sentence.

        3.  This plea is made pursuant to Rule 11(e)(1)(A) and (B) of the Federal Rules of
Criminal Procedure and is not intended to be binding on the Court.

        4.  The parties agree that the Base Offense Level for the offense set forth in the
Indictment is a Level 14, pursuant to U.S.S.G. §2K2.1.(a)(6)(A) as the defendant is a prohibited person
by virtue of a felony conviction.

        5.  The parties agree that the Specific Offense Characteristic of §2K2.1(b)(5) does not
apply as there is no evidence that the defendant intended any particular felony act.

16

July 11, 2001
Page 2

      6.  The Government agrees to not oppose the defendant's request for a reduction of 2 levels for Acceptance of Responsibility under U.S.S.G. §3E1.1 as long as the defendant continues to clearly demonstrate his Acceptance of Responsibility in all further criminal proceedings, including the interview with the United States Probation Office.  This would adjust defendant's Offense Level to 12.

      7.  The Parties agree that the United State Attorney's Office is not bound by the United States Probation Office's decision as to whether the defendant has accepted responsibility and it is understood that the United States Attorney's Office will make its own independent evaluation of this adjustment to the offense level.

      8.  The parties agree that the Offense Level and the possible Criminal History Category are based upon information concerning this offense and the defendant as it is known at the present time and could change based upon the investigation by the United States Probation Office and the findings of the District Court at the time of sentencing.  Specifically, the parties have made no agreement concerning the defendant's prior criminal history.

      9.  The defendant is aware that his sentence will be imposed in accordance with the Federal Sentencing Guidelines and Policy Statements.  The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty.  The Government agrees not to seek an upward departure.  The Government agrees to make a recommendation at the low-end of the final U.S.S.G. range.

      10.  The defendant is also aware that Title 18, United States Code, Section 3742 gives the defendant a right to appeal the sentence to be imposed and that other federal laws give the defendant rights to appeal other aspects of his conviction.  In exchange for the concessions made by the United States in the instant plea agreement, the defendant knowingly and expressly waives his right to appeal any sentence to be imposed that is within the applicable sentencing guideline range, further waives his right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, and further waives his right to appeal any other aspect of his conviction or sentence.  The defendant reserves only the right to appeal any sentence imposed to the extent, but only to the extent, that the sentence is an upward departure and outside the range established by the applicable sentencing guidelines.

      11.  The parties agree that there are no adjustments applicable under Chapter 3, specifically no adjustments for victims, role in the offense, or obstruction of justice.

July 11, 2001
Page 3

II.        PENALTY:

Statutory:

   Title 18, United States Code, Sections 922(g) and 924 provides for a penalty of imprisonment for not more than 10 years.

   Title 18, United States Code, Section 3571(b)(3), provides that a fine of not more than $250,000.00 may be imposed in addition to any term of imprisonment.

Sentencing Guidelines:

   Pursuant to the United States Sentencing Guidelines, the defendant's possible range of sentence for an Adjusted Offense Level of 12, is 10-16 months for Criminal History I, and 30-37 months for Criminal History VI, depending upon the Court's determination of the Offense level and the Criminal History Category.

   A federal prison sentence can no longer be shortened by early release on parole, because parole has been abolished.  However, under U.S.S.G. §5D1.1, a term of Supervised Release following a term of imprisonment is required when the term of imprisonment is more than 1 year.  Under Title 18, United States Code, Section 3559(a)(3), the offense of Felon in Possession of ~~Ammunition~~ *Firearm* is a Class C felony and, therefore, pursuant to U.S.S.G. §5D1.2(b)(2), a term of Supervised Release of at least 2 years, but not more than 3 years, must be ordered.

   Under U.S.S.G. §5E1.2(c), a fine may be imposed depending upon the Court's finding of the appropriate Offense Level, which may range from a minimum of $3,000.00 to a maximum of $30,000.00.  However, U.S.S.G. §5E1.2(f) allows the Court to waive any fine, impose a lesser fine or an alternative sanction, such as community service, if a defendant establishes he does not have the ability to pay a fine.

   Title 18, United States Code, Section 3663, and U.S.S.G. §5E1.1 permit restitution as deemed appropriate by the Court.

   A mandatory special assessment under Title 18, United States Code, Section 3013, and U.S.S.G. §5E1.3 of $100.00 for each count of conviction must be imposed.

July 11, 2001
Page 4

III.        ESSENTIAL ELEMENTS OF THE OFFENSE:

Before a verdict of guilty may be reached, the Government must prove beyond a
reasonable doubt the following essential elements:

> First:        That the defendant knowingly possessed a
> firearm, to wit: one Smith and Wesson .45
> caliber semi-automatic pistol, serial number
> AIP7484,

> Second:     That the above-described firearm had been
> shipped or transported in interstate
> commerce; and

> THIRD
> ~~Second:~~      That at the time the defendant possessed said
> firearm, the defendant had been convicted of
> a crime punishable by imprisonment for a
> term exceeding one year.

IV.        FACTUAL STIPULATION RELEVANT TO SENTENCING:

Defendant JAMES FREDERICK GREENE is a convicted felon, having been convicted
of the offense of Second Degree Murder on February 6, 1991.  GREENE served approximately ten years
of a 50-year sentence and was subsequently released on parole in September of 2000.  Upon GREENE's
release, his Nevada State Parole Officer was Mary Doyle.  On February 7, 2001, GREENE tested
positive for marijuana and subsequently had his parole revoked by the Nevada Board of Parole
Commissioners.

Several different witnesses, including GREENE's parole officer, Mary Doyle, assist the
Government in proving beyond a reasonable doubt that between the approximate dates of February 16,
2001, until GREENE's arrest by parole authorities on February 23, 2001, GREENE was in possession of
the Smith and Wesson .45 caliber semi-automatic pistol described in the Indictment.

The Government's evidence will be that GREENE was not using this firearm for any
other known offense, but did personally possess, manipulate and otherwise handled this firearm in the
presence of witnesses.

On or about February 27, 2001, GREENE was contacted by Special Agents of the Bureau
of Alcohol, Tobacco and Firearms, who conducted a custodial interview of GREENE at the Washoe
County Jail.  After the proper advisement of his constitutional rights, GREENE waived said rights and
admitted to receiving and possessing the Smith and Wesson .45 caliber semi-automatic pistol, described
and discussed in this plea agreement.  GREENE received this firearm from separately charged criminal

July 11, 2001
Page 5

associate Tamoye Laquin Johnson.  GREENE and Johnson were friends and associates while they were both incarcerated at the Nevada State Prison.  Both GREENE and Johnson have had their paroles violated and, pursuant to ATF and Nevada State Parole investigation, the firearm in question has been recovered and is in the possession of ATF.

V.          STATEMENT OF THE DEFENDANT:

I, JAMES FREDERICK GREENE, hereby acknowledge that I have thoroughly read and reviewed this memorandum with my attorney and agree that this memorandum completely and accurately states the facts supporting my plea of guilty and the negotiations between myself, my attorney, and the United States Attorney's Office.  I have discussed the contents of this memorandum with my attorney and she has explained it to my satisfaction.

I have explained the facts and circumstances surrounding this case completely to my attorney and have been advised of what legal courses of action I might take.  These discussions have included what might happen if I go to trial, what evidence the Government has against me, and the possible defenses, if any, I may have to these criminal charges.

My attorney has not promised me anything not mentioned in this plea memorandum and, in particular, my attorney has not promised that I will get any specific sentence.  I understand that any discussions with my attorney about the possible sentence I might receive from the Court are just predictions and not binding on the Court.  I know I cannot withdraw my guilty plea because my attorney's sentencing predictions turn out to be wrong.

My attorney has also explained to me my Constitutional Rights, including my right to a jury trial, to confront my accusers, to call witnesses on my own behalf, and my right to remain silent.  My attorney has further explained to me that I have to waive these rights, that is, give them up, in order to have my guilty plea accepted by the Court.

I understand that the United States Attorney's Office will fully inform the Court and the United States Probation Office of the nature, scope, and extent of my conduct regarding the facts and circumstances of the charges against me, and any and all related matters in aggravation or mitigation concerning the issue of my sentencing.

I know if the Government is making a non-binding recommendation as to what type of sentence I should receive, the Court does not have to follow that recommendation.  I also understand that I cannot withdraw my guilty plea because the Court decides to not follow the non-binding sentencing recommendation of the Government.

July 11, 2001
Page 6

I further understand that the matter of sentencing is entirely up to the Court. Any stipulations or agreements between myself, my attorney, and the United States Attorney's Office are not binding upon the Court. I know the Court will decide my sentence based upon the facts of this case, my personal background, and the Sentencing Guidelines. I fully understand that my sentence could be anywhere within the range set forth in Section II of this memorandum.

Finally, I understand that the decision to plead guilty or go to trial is mine alone. As stated above, I have discussed this case fully with my attorney and received legal advice about what is the best course of action that I should take. My decision after receiving this advice is to plead guilty under this agreement.

JAMES FREDERICK GREENE                    7-26-01
Defendant                                 Date

FRED HILL ATCHESON, ESQ.                  7-26-01
Counsel for defendant                     Date